116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio D. TAYLOR, Defendant-Appellant.
 No. 96-3023.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997*
Decided June 18, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 94-CR-1; Rudolph T. Randa, Judge.
 Before POSNER, Chief Judge, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Antonio Taylor pleaded guilty to both a drug offense and using or carrying a firearm in relation to that offense. His sentence was 160 months' imprisonment: 100 for the drug crime, and a consecutive 60 months for the firearm offense under 28 U.S.C. § 924(c). After the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995), the district court set aside the firearm conviction and resentenced Taylor to 121 months' imprisonment on the drug charge. The 21-month increase is attributable to a two-level enhancement for possessing a firearm, see U.S.S.G. § 2D1.1(b)(1), which had not been added in the initial sentencing in light of the separate firearm conviction.
 
 
 2
 Taylor argued in his opening brief on appeal that this alteration exceeded the district court's power. While the case was pending, we held in United States v. Smith, 103 F.3d 531 (7th Cir.1996), that district courts may proceed as the court did in Taylor's case. Taylor's lawyer filed a reply brief, acknowledging that Smith is dispositive and asking for leave to withdraw under Anders v. California, 386 U.S. 738 (1967). Taylor was notified of this turn of events and invited to file a memorandum on his own; he did not do so. We grant counsel's motion to withdraw and dismiss the appeal as frivolous in light of Smith.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)